# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:93CR30025 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **IVAN JULIAN STEVENSON,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Ivan Julian Stevenson, Pro Se Defendant.*

The defendant contends that he is entitled to a writ of coram nobis, vacating his 1994 convictions and life sentence. Upon review of his motion and court records, I am of the opinion that he is not entitled to relief and his pleading must be dismissed as a successive Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (2006).

I

After a six-day jury trial in July 1994, the defendant, Ivan Julian Stevenson, was convicted of conspiracy to possess with intent to distribute crack cocaine, drug murder, and as an accessory after the fact. The court (Michael, J.) sentenced Stevenson to three concurrent life terms of imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *United*

*States v. Stevenson*, Nos. 94-5874, -5875, -5876, 1996 WL 44091 (4th Cir. Feb. 5, 1996) (unpublished). Stevenson then filed a § 2255 motion, which was dismissed as without merit and his appeal of this decision was dismissed. *Stevenson v. United States*, No. 7:01CV00495 (W.D. Va. July 9, 2001), *appeal dismissed*, 22 F. App'x 173 (4th Cir. 2001).

In 2004, Stevenson pursued yet another collateral attack on his conviction and sentences under the guise of a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) in the long-closed § 2255 action. The court construed the Rule 60(b) motion as a successive § 2255 motion and dismissed it and his appeal of this judgment was dismissed. *Stevenson v. United States*, No. 7:04CV00493 (W.D. Va. Aug. 24, 2004), *appeal dismissed*, 126 F. App'x 606 (4th Cir. 2005).

Stevenson styles his current collateral attack as a Petition for a Writ of Coram Nobis. He claims that this remedy must be available to him because he is procedurally barred from filing another § 2255 motion.

II

The ancient writ of coram nobis, brought under the All Writs Act, 28 U.S.C. § 1651 (West 2006), survives in the criminal law context as an "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve

- 2 -

Case 5:93-cr-30025-JPJ   Document 182   Filed 10/29/07   Page 2 of 5   Pageid#: 22

justice." *See United States v. Morgan*, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal citations omitted).

"Moreover, the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the all Writs Act, that is controlling." *Id.* at 429 (internal citations omitted). The fact that a petitioner has foregone his opportunity to proceed under the intended statutory authority does not render the All Writs Act controlling authority for his claims of an illegal sentence. *Id.*

Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255. Clearly, § 2255 is the statutory vehicle

designed for federal inmates pursuing a collateral attack on their convictions on jurisdictional grounds or on grounds of trial court error.

Stevenson does not present any material factual errors that would void his criminal convictions and sentence, and I find none. Therefore, I find no basis on which he is entitled to a writ of coram nobis. His current claims allege that his criminal convictions and sentence are illegal, based on statutory misinterpretation and other errors during the trial proceedings. These claims are of the sort for which Congress enacted § 2255, and that statute is controlling. The fact that Stevenson failed to avail himself of this statutory remedy to bring his current claims earlier does not give him license under § 1651 to craft his own version of collateral attack as a means to circumvent the timing restrictions and the successive petition bar applicable to § 2255 motions. *See* 28 U.S.C.A. § 2255 para. 6, 8. Accordingly, I find that Stevenson's motion pursuant to § 1651 must be denied.

As the records of Stevenson's past court submissions show, he presents a prime example of the numerous meritless post-conviction motions filed years after convictions have been affirmed on appeal. For administrative purposes of the court in keeping an accurate count of the number of collateral attacks an inmate has brought, this court routinely files such motions as separate civil actions pursuant to § 2255 and dismisses them as untimely or successive. I will so order in this case.

Because Stevenson's current motion is in actuality a successive § 2255 motion, a separate final order will issue, dismissing it as such.

III

For the stated reasons, it is **ORDERED** that the "Motion to Reopen Criminal Proceedings under 28 U.S.C. § 1651" (Dkt. No 179) is **DENIED**, and the clerk shall file a copy of this motion as a new separate civil action, pursuant to 28 U.S.C. § 2255.

The Clerk will send a copy of this Opinion and Order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: October 29, 2007

/s/ JAMES P. JONES
Chief United States District Judge