# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 5:93CR30025-003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **IVAN JULIAN STEVENSON,** ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Harrisonburg, Virginia, for Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). Because of the seriousness of his offense and the fact that his current sentence remains within the guideline range that would apply today, I decline to reduce his sentence.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger

mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for a reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c).

II.

Stevenson was indicted with multiple co-conspirators on November 30, 1993, and charged with three counts: (1) conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii) (Count One); (2) murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(c)(1)(A) and 18 U.S.C. § 2 (Count Two); and (3) accessory after the fact to murder, in violation of 18 U.S.C. §§ 3 and 2 (Count Three). The government filed

a notice of enhanced punishment for Count One pursuant to 21 U.S.C. § 851, due to Stevenson's previous drug distribution conviction.

On July 18, 1994, Stevenson was convicted by a jury of all three counts. According to the Presentence Investigation Report ("PSR") prepared in advance of sentencing, Stevenson was individually accountable for at least 250 grams of cocaine base and the entire conspiracy involved at least five kilograms of cocaine base. PSR ¶¶ 8, 11, ECF No. 298. The defendant was also found to have been involved in the gunshot murders of Cecil Browning, a drug ring associate, and Avis Aylor, Browning's 20-year-old female companion. *Id.* at ¶¶ 14–16. Accordingly, he was determined to have a total offense level of 43 and a criminal history category of II, which yielded a guideline range of life. The defendant's offense level was based on the court's reliance on the offense base level for first degree murder, on the ground that the evidence demonstrated that the murders were intentional. On October 28, 1994, the defendant was sentenced under the then-mandatory guidelines to life imprisonment on all three counts,[1] all to run concurrently, to be followed by 10 years of supervised release. The defendant has served approximately 27 years of his

---

[1] The government notes that the life sentence on Count Three appears to have been improper given the statutory maximum term for that offense. The sentence on Count Three should have been no more than fifteen years, and perhaps no more than ten years. This error is harmless, however, given the concurrent life sentences on the other two counts of conviction.

sentence and is now 61 years old.[2]

### III.

Last year, I ruled upon a motion for reduction in sentence pursuant to the 2018 FSA filed by Stevenson's co-defendant, Reginald Davis. *United States v. Davis*, 5:93CR30025-002 (W.D. Va. March 9, 2020). Davis was convicted on the same counts as Stevenson and received the same life sentence on Counts One and Two. There, as here, the government conceded that the defendant was eligible for relief as to Count One under the 2018 FSA. In *Davis*, the government also conceded that the defendant was eligible for relief on Count Two. I found Davis eligible for relief but declined to reduce his sentence based on my consideration of the 28 U.S.C. § 3553(a) factors.

With respect to Stevenson's motion, the government asserts that its concession as to Count Two in Davis's case was erroneous. The government now

---

[2] On direct appeal, the defendant's convictions and sentences were affirmed. *United States v. Stevenson,* Nos. 94-5874, 94-5875, 94-5876, 1996 WL 44091 (4th Cir. Feb. 5, 1996) (unpublished). On four occasions, the defendant moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied each of those motions, and his appeals of those decisions were dismissed. Op. 2, July 2, 2014, ECF No. 231, *appeal dismissed*, 585 F. App'x 229 (4th Cir. 2014) (unpublished); Op. & Order 5, Oct. 29, 2007, ECF No. 182; *Stevenson v. United States*, No. 7:04CV00493 (W.D. Va. Aug. 24, 2004), *appeal dismissed*, 126 F. App'x 606 (4th Cir. 2005) (unpublished); *Stevenson v. United States*, No. 7:01CV00495, 5:93CR30025, 2001 WL 34778948, at *1, (W.D. Va. July 9, 2001), *appeal dismissed*, 22 F. App'x 173 (4th Cir. 2001) (unpublished). Last year, Stevenson filed a motion seeking compassionate release under 18 U.S.C. § 2(c)(1)(A), which I denied. Order, July 28, 2020, ECF No. 311. He moved for reconsideration of that order, which I denied. Minute Order, Aug. 3, 2020, ECF No. 313.

contends that Stevenson is not eligible for relief on Count Two. Given his concurrent life sentence on Count Two, the government argues that reducing Stevenson's sentence on Count One would have no practical effect, and it therefore encourages me to deny the motion. Alternatively, the government argues that the § 3553(a) factors do not support a reduction in Stevenson's sentence.

I need not resolve this dispute as to eligibility on Count Two because even if Stevenson were eligible for a reduction, I would decline to reduce his sentence based on the § 3553(a) factors. Were he sentenced today, Stevenson's guideline range would be 360 months to life. His current life sentence thus remains within the now-applicable guideline range. Stevenson committed one of the most serious crimes imaginable: he intentionally murdered two people.

The PSR indicates that Stevenson acted as the enforcer within the drug distribution organization led by Mark Davis. Over a period of about a year and a half, the organization distributed at least five kilograms of crack cocaine in the Front Royal, Virginia, area. Stevenson was responsible for the distribution about 250 grams. Stevenson was tasked with collecting drug debts and ensuring that other subordinates of Mark Davis followed his directives.

Stevenson and Reginald Davis shot and killed Browning, a street salesman in Mark Davis's organization, and Aylor, Browning's companion. Stevenson and Davis stayed in a motel room next to the victims on the night of the murders.

Browning owed Mark Davis about $2,500 and had been shorting Mark Davis regarding drug weight. Prior to the murders, Browning had been in an argument with Stevenson and Reginald Davis during which the two threatened Browning and poked him with a knife several times. After the murders, Stevenson and Reginald Davis fled to Washington, D.C., and abandoned the car they were driving.

Browning was shot three times at close range. Aylor was shot twice, once on the left side of her face and once behind her left ear. According to the PSR,

> One witness heard Stevenson say "Pow Pow Pow and throw the bitch in the tub." Reginald Davis became upset that Stevenson had made the remark and told him "he had a big mouth." It was also reported that Reginald Davis and Stevenson made a number of inquiries asking if "anyone was snitching."

PSR ¶ 16, ECF No. 298. It appears Stevenson has never accepted responsibility for his actions. Following his conviction, he reportedly told the probation officer "that he had nothing to do with the murders and he never sold any drugs." *Id.* ¶ 19. He has repeatedly filed motions seeking to overturn his conviction and sentence. *See* note 2, *supra*.

Stevenson was 32 when he committed the offenses in this case. His prior criminal history was relatively brief: attempted burglary and attempted petty larceny at age 22, and attempted possession with intent to distribute at age 28, giving him a criminal history category of II. The PSR lists several other charges that were

dismissed, including an incident in which Stevenson allegedly fired a rifle at someone in 1982 and acted violently toward a woman in 1992.

In support of his motion, Stevenson's counsel notes several mitigating factors that the court likely did not consider when Stevenson was originally sentenced, as a life sentence was mandatory at that time. Stevenson had only a fifth-grade education at the time he committed the crimes. He had lost a six-year-old son to cancer the year before the offenses, and his mother also died that year. He had a history of depression and drug use.

Stevenson has now been incarcerated for about 27 years, and he has a near-stellar prison record. He has committed only four disciplinary infractions, the most recent in 2013. He received his GED while incarcerated and has taken numerous courses. He has worked the entire time he has been in prison and received a monetary award for being an outstanding employee. He has donated to charities and mentored younger inmates. He has done all this despite the fact that he is serving a life sentence and has had little to gain from good behavior in terms of the possibility of release.

I have considered and weighed all these factors. While I commend Stevenson for his efforts to better himself, I find that the very serious nature of his crimes warrants a sentence of life in prison. That sentence is still within the guideline range that would apply today, and it is sufficient but not greater than necessary to satisfy

the required statutory purposes. On balance, the § 3553(a) factors weight against granting a reduction. I will therefore deny the defendant's motion.

IV.

Accordingly, it is hereby **ORDERED** that the defendant's Motion to Reduce Sentence Pursuant to the First Step Act, ECF No. 296, is DENIED.

ENTER: August 20, 2021

/s/ JAMES P. JONES
United States District Judge